FILED

APR 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT MILLER, | No. 09-15140 |
| Plaintiff - Appellant, | D.C. No. 2:02-cv-01641-JCM-PAL |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT; et al., | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 12, 2010**
San Francisco, California

Before: HALL, NOONAN, and CALLAHAN, Circuit Judges.

Scott Miller ("Miller") timely appeals from a summary judgment in favor of

defendants and appellees Clark County School District, Edward Goldman, William

Hoffman, and Elizabeth Fraser (collectively, "defendants" or "the District"), in this

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983 action. Miller alleged that defendants violated his due process rights and his First Amendment rights of free speech and freedom of association when they terminated his employment as a post-probationary teacher of world history at a District high school in 2000, on grounds of insubordination.

The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here, except as necessary to our disposition of the claims of error raised on appeal.

## II.

A district court's decision to grant summary judgment is reviewed *de novo*. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). We must not weigh the evidence or determine the truth of the matter but only ascertain whether a genuine issue of material fact exists for trial. *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc).

### III.

Miller contends that there are genuine issues of material fact whether: (1) he had constitutionally adequate notice of the reasons for his dismissal, and an opportunity to present his side of the story before his employment was terminated; and (2) his protected speech or associational activities with fellow union members were motivating factors behind the discipline. We disagree.

### A.

Undisputed evidence establishes that Miller received the due process to which he was entitled under federal law, as he received pre-termination notice of the reasons for the discipline, an explanation of the District's evidence, and notice of the means through which he could present his side of the story to a final decision maker. *See Gilbert v. Homar*, 520 U.S. 924, 929 (1997); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Specifically, on November 14, 2000, the District personally served Miller with a "Notice of Intended Disciplinary Action: Recommendation for Dismissal" ("Notice"), which informed him that the Superintendent intended to recommend his dismissal to the Clark County Board of School Trustees ("Board"). In his first amended complaint, Miller admitted that he received the Notice, which stated the grounds upon which the dismissal was being recommended, including insubordination, and laid out the facts upon which the

3

recommendation was based, including prior warnings, admonitions, and suspensions. It also advised Miller of his rights under Nevada law and section 36-8 of the collective bargaining agreement ("CBA") to demand a hearing before an arbitrator who would have the final say on his dismissal, his obligation to make such a demand within ten days of receipt of the Notice, and his a right to an informal pre-arbitration hearing before the Superintendent's designee within five days after receipt of an arbitration demand. On its face, this undisputed evidence shows that federal due process requirements were satisfied. *See Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.,* 149 F.3d 971, 986-87 (9th Cir.1998) (letter stating possible action and grounds for action, and explaining opportunity to present employee's position, satisfied "meager" federal due process requirements).

Miller's claim that he was entitled to *further* notice of the Board meeting at which the Superintendent's recommendation would be considered is without merit. Neither the CBA nor any Nevada statute required such additional information in the Notice, *see* Nev. Rev. Stat. § 391.317, and Miller cites no other authority supporting this contention.

Miller further suggests he had a due process right to a hearing on the merits of his dismissal, but he admits—and an arbitrator subsequently found—that he did not request arbitration of his termination grievance within the time limits stated in

4

the Notice. Thus, he cannot complain that he did not receive a hearing when he failed to avail himself of the opportunities actually presented to him, *see Bignall v. North Idaho College*, 538 F.2d 243, 246-47 (9th Cir. 1976), and summary judgment was properly entered as to his due process claims.

**B.**

To prevail on his claim for violation of his First Amendment rights, Miller was required to prove that: (1) he engaged in protected activity; (2) the District took an adverse employment action; and (3) his protected activity was a "substantial or motivating factor" for the adverse employment action. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir. 2003). In order to demonstrate that there is a genuine issue of material fact whether protected activity was a substantial or motivating factor behind his dismissal, Miller was required to present evidence that: (1) there was very close proximity in time between protected activity and the dismissal, such that a jury could infer that he was discharged in retaliation for the activity; (2) his employer expressed opposition to his actions, either to him or to others; or (3) his employer's proffered explanation for the discharge was false and pre-textual. *Keyser v. Sacramento City Unif. Sch. Dist.,* 265 F.3d 741, 751-52 (9th Cir. 2001); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

Evidence presented by the District—including declarations of defendants

5

Fraser, Hoffman, and Goldman; transcripts of meetings held in early November 2000 between Miller, Fraser, and her assistant principal (Reid Kimoto, who was not a named defendant) to discuss a student complaint that he had made comments of a sacrilegious nature in class; and excerpts from Miller's own journal describing his obstructive behavior during those meetings—amply supports defendants' claim that Miller was dismissed for cause, i.e., for insubordination, and not because of any protected speech or associational activity. Miller failed to controvert the District's showing of cause with any of the types of evidence outlined by the court in *Keyser.* Thus, the district court did not err in concluding there is no genuine issue for trial on Miller's First Amendment claims.

As a threshold matter, the district court found that Miller presented no actual evidence identifying any protected speech in which he had engaged, and Miller has failed to demonstrate that the district court erred in this respect. This fact alone defeats his claim that he was dismissed in violation of his free speech rights. *See Dennison v. County of Frederick, Va.,* 921 F.2d 50, 53 (4th Cir. 1990), citing *Connick v. Myers,* 461 U.S. 138, 146 (1983).

Miller also failed to present evidence sufficient to raise a genuine issue that protected speech or other protected conduct was a motivating factor behind his discipline. The mere fact that he was terminated for insubordination more than a

6

month after he, along with more than 100 other teachers, voted to form a Teachers' Advisory Committee ("TAC") does not satisfy the "temporal proximity" test of *Keyser,* 265 F.3d at 751-52; *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (mere temporal proximity is insufficient unless the protected activity and adverse employment action occurred "very close" in time). Moreover, once it was properly formed based on a majority vote of the high school's teachers, nothing in the record suggests that Fraser or any other defendant expressed opposition to Miller's participation in the TAC, or any activities of the TAC.

The only evidence of any purported hostility to Miller's purported speech is the fact that Miller was questioned about student complaints. However, Miller denied making the statements about which the students complained; he admitted only to teaching evolution as both fact and theory, a practice Fraser expressly approved. Indeed, the meeting transcripts—which were commissioned by Miller himself—showed that Fraser and Kimoto behaved courteously and professionally toward him despite his own unprofessional outbursts against them, that Miller was told of the nature of the complaints and given the opportunity to respond, and that Fraser and Kimoto readily accepted Miller's denials when he gave them, and inquired about the context of the statements he admitted. Thus, there is no evidence that Fraser or any other defendant opposed any speech known to have

7

been expressed by Miller.

Finally, Miller has failed to raise a genuine issue of material fact whether insubordination was a false or pretextual reason for his discipline. Our inquiry into whether the proffered basis for Miller's suspensions and dismissal were legitimate or pretextual is limited to whether defendants believed that Miller was guilty of insubordination, as they consistently asserted, and if so, whether these beliefs were the reasons for his discipline. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (pretext does not exist where employer honestly believed its reason for its actions).

Miller makes no effort to show that, at the time of the disciplinary actions, any defendant believed discipline for insubordination was not warranted. Instead, Miller's pretext argument is based entirely upon a snippet of testimony Fraser gave during the arbitration hearing, two years after he was discharged, momentarily wavering on the issue whether he had a legal right to refuse to participate in the November 2000 meetings. It is clear from the entirety of her testimony, however, that Fraser had relied on the District legal department's advice as to the propriety of the discipline, and that once her recollection of the events was refreshed, neither she nor any other defendant believed Miller had a right to decline to participate in those investigatory meetings with impunity. To the contrary, the record shows that

8

everyone connected with the events, including Miller's own advocates, not only believed his conduct was insubordinate, but repeatedly told him so at the time. Miller has cited nothing in the record to suggest that others who engaged in similar insubordinate acts were not disciplined in similar degrees. As Miller has thus failed to raise any genuine issue of material fact as to any essential element of his First Amendment claims, summary judgment was properly entered as to those causes of action.

## IV.

The judgment of the district court is AFFIRMED.

9